PITTMAN, Judge.
This is an appeal from a judgment modifying custody of a child. Heather Rae Wright Barrett (“the mother”) and Steve Glen Wright (“the father”) were divorced in 2000, when their daughter was six years old. Under the terms of the divorce judgment, the mother was awarded primary physical custody of the child, with the father being allowed liberal visitation rights; the father was directed to pay child support to the mother.
On March 25, 2003, the father petitioned for a modification of custody and for an ex parte emergency order for immediate temporary custody, averring that the child was “living in an abusive home.” The father asserted that police officers had been called to the mother’s home “numerous times” to contend with physical altercations involving the mother and her then-current husband. The father contended that the child was in danger at the mother’s home and that he and his current wife were better suited to have custody of the child. On March 26, 2003, the father was awarded custody of the parties’ child pen-dente lite and the cause was set for a hearing.
On May 19, 2003, the mother filed an answer to the father’s custody petition, along with a counterpetition to modify custody and a request for contempt sanctions against the father. The mother asserted that a material change in circumstances had occurred since the divorce, that she should have full care and control of the minor child, and that the child-support award should be increased. On May 19, 2003, the mother also filed a motion to dissolve the ex parte pendente lite custody order, contending that it was not in the child’s best interests to be alienated from her mother.
On June 12, 2003, following a hearing on the mother’s motion to dissolve the ex parte pendente lite custody order, the trial court issued a second pendente lite order under which the mother was awarded summer visitation with the child subject to the restriction that the mother’s husband would not be allowed in the child’s presence. On July 14, 2003, the father filed a motion to terminate the mother’s visitation or, in the alternative, to order supervised visitation, contending that during one of the child’s visits with the mother police officers had found the mother’s husband in the home. The father also filed a motion to have his child-support payments suspended.
On September 22, 2003, following a hearing, the trial court denied the mother’s request to dissolve the ex parte pendente lite custody order and also denied the father’s request to suspend child-support payments. On November 7, 2003, following an ore tenus proceeding, the trial court awarded the father custody of the child, awarded the mother standard visitation, and ordered the mother to pay child support to the father. The mother filed a timely notice of appeal from that judgment.
The mother raises three issues on appeal. First, she contends that the trial court erred in granting the father ex parte pendente lite custody because, she says, the trial judge should have recused himself and no actual immediate emergency existed requiring relief. Next, the mother contends that the father failed to establish *400 that a change in custody would materially promote the child’s best interests; specifically, the mother argues that because the father committed domestic violence, the Custody and Domestic or Family Abuse Act, § 30-3-130 et seq., Ala.Code 1975, prohibits an award of custody to him. Third, the mother contends that the trial court violated her due-process rights by conducting an in camera interview with the child without the consent of all the parties.
With respect to the pendente lite custody order, the mother first argues that the trial judge should have recused himself from the case because the father’s counsel served as the trial judge’s court referee. However, that issue was not raised in the trial court; furthermore, the ex “parte pen-dente lite custody order was requested and granted in March 2003, whereas the father’s counsel did not become the court’s referee until May 2003. Finally, the mother did not request that the trial judge recuse himself until August 2003, at which time her request was granted.
The mother also argues that no emergency existed to support the trial court’s ex parte pendente lite custody order, contending that the acts alleged within the father’s petition were too remote to warrant that order. However, a review of the record reveals that the ex parte pen-dente lite custody order was warranted and that the acts alleged in the petition were cumulative and ongoing. The petition alleged abusive acts that had occurred over a 15-month period; specifically, the petition cited two instances (one in December 2001 and one in July 2002) that involved domestic violence between the mother and her then-current husband. A copy of a protection-from-abuse petition filed by the mother in July 2002 was attached as an exhibit to the father’s modification petition; in her protection-from-abuse petition the mother stated:
“[My husband] [p]ulled me down [a] gravel road by my hair, wrapped [a] towel around his hand and punched me, over and over in [the] face and said the towel wouldn’t leave bruises, tackled me and stuffed my face in gravel! Hit me in [the] head over and over. He said repeatedly he was going to kill me. He said if I had him arrested it would only make him madder than he already was.”
The father’s petition also alleged that since March 2003 the mother and her then-current husband had been in “numerous physical altercations” and that this abusive relationship was a danger to the child. We cannot conclude that the trial court abused its discretion in awarding pendente lite custody to the father.
We now turn to the mother’s challenges to the trial court’s modification judgment. During the September 19, 2003, hearing on the mother’s motion to dissolve the ex parte pendente lite custody order and on the father’s request to suspend child support, the following remarks were made concerning the trial court’s conducting an in camera interview with the child.
“By the Court: All right. [Mother’s counsel], there’s a request that I speak to the child.
“[Mother’s Counsel]: In response to that, your honor, the child wasn’t spoken to when the custody was changed originally, and we wouldn’t mind having a guardian ad litem appointed for the final hearing, but—
“By the Court: Are you objecting to me talking to the child in chambers? “[Mother’s Counsel]: Yes. The child is not even here.”
At that hearing, the child was not interviewed. However, at the November 3, *401 2003, hearing on the father’s custody petition, and after the father had testified, the following exchange occurred:
“[Father’s Counsel]: Judge, we rest, however we would like to — -we would like for you to talk to the child in chambers. We would — the child is eight years old. We recommend that you talk to her without lawyers or parents about the issues in the case prior to making a final decision either now or at the conclusion.
“By the Court: All right. I’ll make that decision at the conclusion.... ”
At the conclusion of the hearing, the following was recorded:
“[Father’s Counsel]: Nothing further, your Honor, other than just my earlier request about speaking with [the child].
“By the Court: That will be granted. I’ll need to see [the child] in chambers.
“[Mother’s counsel]: And for the record we do object to the in camera—
“By the Court: Objection noted.”
The trial court then proceeded to interview the child in camera without counsel being present. Moreover, the final judgment specifically referenced remarks made during the interview, stating that “[t]he minor child has told this court in chambers there are no children her own age in the apartment complex where her mother lives.”
Our Supreme Court in Ex parte Berryhill, 410 So.2d 416 (Ala.1982), addressed the issue of conducting an in camera interview with a child, holding that:
“We are aware that the practice exists among certain trial courts to conduct private conversations with minors in chambers with the consent of opposing counsel. In the absence of waiver or consent, however, the private interview by the trial court cannot be condoned. To sanction such a procedure would fly squarely in the face of the constitutional right of litigants to a public trial.”
Ex parte Berryhill, 410 So.2d at 418.
We recently applied Berryhill in C.E.T. v. K.M.T., 880 So.2d 466 (Ala.Civ.App.2003). In C.E.T., a trial court, at the request of the noncustodial parent and over the objection of the custodial parent, conducted an in camera interview with a minor child during the course of a hearing on a petition to modify custody without allowing counsel for the parties to be present. We reversed the trial court’s judgment modifying custody, holding that the trial court had committed prejudicial error and had violated due-process principles because that court had conducted the in camera interview without having obtained the custodial parent’s consent to the interview or a waiver by the custodial parent of his right to have his counsel present during the interview. 880 So.2d at 468. Accord Bamburg v. Morse, 686 So.2d 327, 328 (Ala.Civ.App.1996) (“In the absence of a waiver or consent, a private interview by the trial court with minors in chambers cannot be condoned.”) Thus, Alabama law is clearly established that an in camera interview with a child in a custody action, outside the presence of counsel and in the absence of a waiver of the presence of counsel, violates principles of due process and constitutes reversible error if a proper objection is lodged.
In his appellate brief, the father argues that the objection made by the mother’s counsel was improper because it failed to state any grounds. The father also asserts that any error was harmless. However, in Ex parte Berryhill, supra, no grounds were given for the objection, yet our Supreme Court determined that none was necessary when, as in the case at bar, both the trial court and counsel could not be mistaken about the basis for the objection. Here, the mother’s objection was *402 clearly based on the due-process right of cross-examination. Moreover, we cannot conclude that the trial court’s error is harmless because its judgment specifically referred to the child’s statements made during the interview.
The trial court committed prejudicial error by conducting the in camera interview outside the presence of counsel without having obtained the consent of all the parties; that court thereby violated the mother’s right to due process. Accordingly, the judgment of the trial court is due to be reversed. The cause is remanded for a new trial on the father’s custody petition. See C.E.T., supra. Because we determine that the mother is entitled to a new trial based upon the fact that the trial court erred by conducting an in camera interview with the child, we pretermit consideration of her arguments regarding the Custody and Domestic or Family Abuse Act.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.