MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2018 ME 54
Docket:        Yor-17-314
Submitted
  On Briefs:   February 26, 2018
Decided:       April 19, 2018

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ANNE M. MCBRIDE

v.

JEFFREY R. WORTH

HUMPHREY, J.

[¶1] Anne M. McBride appeals from a judgment of the District Court (Springvale, *Foster, J.*) entered in June 2017. The court granted McBride's motion to enforce Jeffrey R. Worth's spousal support obligation pursuant to the parties' 2009 divorce judgment after determining that Worth was in arrears in the amount of $11,055.25; granted Worth's motion to enforce McBride's obligation to refinance the marital home; and granted Worth's motion for division of omitted property. McBride contends that the court (1) abused its discretion when it issued an income withholding order instead of ordering immediate payment of the entire amount of Worth's spousal support arrears; (2) erred when it ordered McBride to attempt to refinance her home every six months; and (3) abused its discretion when it declined to award McBride all of

2

the attorney fees she requested. Because the judgment misstated Worth's ongoing spousal support obligation and we are uncertain of the court's intent regarding the amount to be withheld from Worth's earnings to enforce his spousal support and arrears obligations, we must vacate the income withholding order, partially vacate the judgment, and remand to the trial court for clarification. We affirm the judgment in all other respects.

## I. BACKGROUND

[¶2] "Viewing the evidence in the light most favorable to the court's judgment, the record supports the following facts." *Brochu v. McLeod*, 2016 ME 146, ¶ 2, 148 A.3d 1220. After nineteen years of marriage, McBride and Worth were divorced in 2009. Relevant to this appeal, the divorce judgment ordered Worth to pay McBride $150 every week for spousal support until McBride reaches age sixty-five or remarries and awarded the marital residence to McBride and ordered her to "refinance the property as soon as the mortgage market improves and she is financially capable of doing so."

[¶3] As the court found, "The parties have been in court frequently since the entry of the [divorce] Judgment, almost exclusively on the issue of spousal support."[1] On September 6, 2016, McBride filed another motion to enforce

---

[1] In January 2012, the court (*Janelle, J.*) granted McBride's first motion to enforce spousal support, ordered Worth to pay an additional $150 per week until the $3,600 spousal support arrears was

Worth's spousal support obligation, alleging that Worth was $13,032.97 in arrears and requesting that Worth pay the arrears "in full or go to jail" and that he pay her costs. Twenty-three days later, Worth filed a motion to enforce the divorce judgment requirement that McBride refinance the note and mortgage of the marital home and a motion for division of omitted property.[2]

[¶4] On May 25, 2017, the court held a hearing on the motions. In an order dated June 26, 2017, the court found that Worth had a continuing obligation to pay McBride $150 for spousal support every week; that, based on the parties' stipulation, he failed to comply with that obligation, resulting "in arrears as of May 25, 2017 in the amount of $11,055.25"; and that Worth could afford to pay his spousal support obligation but chose to spend his discretionary income elsewhere. The court entered judgment for McBride in the amount of $11,055.25, with post-judgment interest to accrue.

---

satisfied, and issued an income withholding order. This order was followed by an order for contempt in February 2013 (*Cantara, J.*), an order to pay after a show cause hearing in May 2013, an order based on a payment agreement between the parties in February 2014, a contempt order in October 2014 (*Mulhern, J.*), an appeal to us that we dismissed in July 2015, *see McBride v. Worth,* 2015 ME 92, ¶¶ 2-3, 120 A.3d 666, an order to enforce in December 2015, an income withholding order for $300 every other week entered in April 2016, and a contempt order in August 2016 (*Janelle, J.*). Given the repetitive nature of the motions, it is not clear why a single judge was not assigned responsibility for this case.

[2] Worth also filed a motion to modify spousal support, but he withdrew the motion one day before the hearing.

4

[¶5]  To ensure payment of Worth's ongoing spousal support and arrears obligations, the judgment described a new income withholding order to accompany the judgment that would "continue[] in effect the payment of $150 per pay period (every two weeks) for ongoing spousal support, and add[] $150 per pay period toward the established arrearage."  The income withholding order required the withholding of "the sum of $300 per pay period, that is every two weeks . . . .  That amount is comprised of [Worth's] current spousal support obligation ($150 per week or $300 every two weeks), together with an additional sum ($150 per week or $300 per pay period), to be applied toward the arrearage of spousal support owed by [Worth], that is $11,055.25 as of May 25, 2017."

[¶6]  The court also found that McBride did "not have the capability to secure refinancing despite her good faith efforts to do so."  However, the court directed McBride to attempt to refinance the mortgage on her residence by applying for refinancing at least once every six months, "[a]ssuming that [Worth] continues to make regular spousal support payments, thereby ensuring [McBride] can document a regular stream of income."

[¶7] On requests from both parties for attorney fees, the court found that the fees were substantial for each party and out of proportion to the issues presented. The court ordered Worth to pay $5,000 of McBride's attorney fees.

[¶8] McBride filed this timely appeal. *See* 14 M.R.S. § 1901 (2017); M.R. App. P. 2(b)(3) (Tower 2016).[3]

## II. DISCUSSION

A.    Spousal Support

[¶9] McBride argues that the court abused its discretion by issuing an income withholding order to enforce Worth's spousal support arrears obligation instead of ordering immediate full payment of the $11,055.25 arrears.

[¶10] "We review an order on a post-divorce judgment motion, including a motion to enforce, for an abuse of discretion or error of law, and we review factual findings contained therein for clear error. A party to a divorce judgment who files a motion to enforce is entitled to an order of enforcement when the other party has failed to comply with an unambiguous provision of the judgment." *Sullivan v. Rockwood*, 2015 ME 119, ¶ 19, 124 A.3d 150 (citations

---

[3] This appeal was commenced before September 1, 2017, and therefore the restyled Maine Rules of Appellate Procedure do not apply. *See* M.R. App. P. 1.

omitted) (quotation marks omitted). "An unambiguous judgment must be enforced in accordance with the plain meaning of the language in the judgment." *Curtis v. Medeiros*, 2016 ME 180, ¶ 8, 152 A.3d 605 (quotation marks omitted).

[¶11] The divorce judgment unambiguously requires Worth to pay McBride $150 in spousal support each week. As of May 25, 2017, he was in arrears of that obligation in the amount of $11,055.25. The court properly granted McBride's motion to enforce Worth's spousal support obligation because Worth had failed to comply with an unambiguous term of the divorce judgment. *See Sullivan*, 2015 ME 119, ¶ 21, 124 A.3d 150.

[¶12] Pursuant to 19-A M.R.S. § 2602 (2017) and 19-A M.R.S. § 2603 (2017), the court's options in enforcing a judgment of spousal support include ordering installment payments and ordering an employer to make direct payments. The court found that McBride had "been chasing spousal support for five and one half years[, and] it was not until she was finally able to implement the income withholding order in April of 2016 that [McBride] began to receive regular ongoing payments." Given this finding, the court did not abuse its discretion when it chose to enforce Worth's spousal support arrears obligation by way of an income withholding order instead of ordering a lump-sum

payment. *See* 19-A M.R.S. § 2602; 19-A M.R.S. § 2603. However, because the judgment misstates the amount of ongoing spousal support and we are unable to ascertain what sum the court intended to be withheld to pay the arrears, we cannot fully address McBride's argument that the court abused its discretion.

[¶13] Although the judgment purported to "continue in effect" ongoing spousal support payments of $150 every two weeks, Worth's "ongoing" obligation under the divorce judgment is actually $150 *each week*, as the court found.[4] The judgment also required Worth to pay an additional $150 every two weeks toward the arrears, which does not square with the accompanying income withholding order.

[¶14] The income withholding order requires Worth's employer to withhold "the sum of $300 per pay period, that is every two weeks." Although this sum is consistent with the express language of the judgment, it is at odds with the court's explanation in the withholding order that the $300 amount "is comprised of [Worth's] current spousal support obligation ($150 per week or $300 every two weeks), together with an additional sum ($150 per week or

---

[4] The court was not presented with a motion to modify spousal support and it did not perform the requisite modification analysis. *See Voter v. Voter*, 2015 ME 11, ¶ 18, 109 A.3d 626 ("A party who seeks a modification of spousal support must prove that the modification is justified based on a showing of a substantial change in either the payor or payee spouse's financial condition." (quotation marks omitted)).

8

$300 per pay period), to be applied toward the arrearage of spousal support."

Although $150 per week or $300 every two weeks should be withheld for

ongoing spousal support, it is not clear what sum the court intended to

withhold to pay the arrears. As a result, "we are unable to ascertain the court's

intent sufficiently to allow for effective appellate review." *Miliano v. Miliano*,

2012 ME 100, ¶ 28, 50 A.3d 534.

[¶15]  Because the support and arrears provisions in the judgment are

inconsistent with the income withholding order, we must partially vacate the

judgment with respect to Worth's spousal support and arrears obligations and

remand for further proceedings to clarify the judgment; and because the

income withholding order is unclear regarding the amount to be withheld, we

must vacate the order and remand to the trial court for further proceedings to

clarify its intentions.

B.    Refinancing the Home

[¶16]  We next address McBride's argument that the court erred when it

granted Worth's motion to enforce and ordered her to attempt to refinance her

home every six months.

[¶17]  On a motion to enforce the divorce judgment, "[w]e review de novo

whether a provision in [the] divorce judgment is ambiguous, i.e., reasonably

susceptible to different interpretations, by examining that provision in the context of the divorce judgment as a whole." *Curtis*, 2016 ME 180, ¶ 8, 152 A.3d 605 (quotation marks omitted). "When the judgment is unambiguous, the court may not, under the guise of a clarification order, make a material change that modifies the provisions of the original judgment. If the divorce judgment is ambiguous, however, the court has the inherent authority to construe and clarify the decision." *Id.* (citation omitted) (quotation marks omitted).

[¶18] The 2009 divorce judgment orders McBride to "refinance the property as soon as the mortgage market improves and she is financially capable of doing so." Given the lack of clarity in that language, the court implicitly found this provision to be ambiguous. We agree. The court then found that the evidence clearly establishes that McBride currently "does not have the capability to secure refinancing despite her good faith efforts to do so." Based on the language in the divorce judgment, however, the court also determined that Worth "is entitled to have [McBride] attempt, periodically, to refinance the mortgage" and that "[t]he frequency of that effort should be dictated by the goal of increasing its likelihood." After making these determinations, the court clarified the ambiguity in the divorce judgment and required McBride to apply for refinancing every six months, conditioned on

Worth's payment of spousal support, which ensures that she can document a regular stream of income. This reasonable construction and clarification of the divorce judgment was within the court's inherent authority. *See id.*

C.     Attorney Fees

[¶19]  Finally, McBride argues that she was entitled to all of the attorney fees she requested. The court ordered Worth to pay $5,000 of McBride's legal fees, which was approximately sixty percent of the amount McBride's attorney alleged in her affidavit on fees.

[¶20]  We review awards of attorney fees for an abuse of discretion. *See Smith v. Padolko*, 2008 ME 56, ¶ 17, 955 A.2d 740. We have previously held that "in deciding what amount [of attorney fees] will be awarded the trial court has discretion to consider all factors that reasonably bear on the fairness and justness of the award. . . . [T]he trial court is not limited to considering the parties' relative financial positions, but could also consider the parties' conduct contributing to the need for the filing of the motion. Whether the need for the post-judgment proceeding arose out of a party's failure to abide by an existing order may also factor into the court's consideration." *Id.* (citations omitted) (quotation marks omitted).

[¶21]   The court considered the parties' respective incomes and discretionary expenditures, the amount of fees that would be justified by the issues presented, and the parties' litigation history before it awarded attorney fees.  Because the court considered the relevant factors and did not act outside the bounds of its discretion when it awarded McBride only sixty percent of her attorney fees, we will not disturb the court's decision.  *See id.* ¶ 19.

The entry is:

> Judgment partially vacated regarding Worth's spousal support and arrears obligations. Judgment affirmed in all other respects.  Income withholding order vacated.   Remanded for further proceedings consistent with this opinion.

---

Anne M. McBride, appellant pro se

Patrick S. Bedard, Esq., Bedard & Bobrow, P.C., Eliot, for appellee Jeffrey A. Worth

Springvale District Court docket number FM-2009-58
FOR CLERK REFERENCE ONLY