MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 74
Docket:        Aro-17-475
Submitted
  On Briefs:   April 25, 2018
Decided:       June 7, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JACLYN E. PAPADOPOULOS

v.

BRANDON L. PHILLIPS

HUMPHREY, J.

[¶1]   Jaclyn E. Papadopoulos appeals from a judgment of the District Court (Houlton, *O'Mara, J.*) entered on October 16, 2017, granting Brandon L. Phillips's motion to modify the parties' amended divorce judgment. Papadopoulos contends, inter alia, that the court erred and abused its discretion when it modified Phillips's schedule of contact with the parties' child and his child support obligation.[1]   Because the child support order and the judgment are inconsistent with each other and there seems to be an error in the court's establishment of Phillips's monthly child support obligation, we vacate

---

[1]  Papadopoulos raised a number of other arguments on appeal that we do not address because they were not properly preserved for appellate review or the alleged errors occurred because of her litigation strategy at the hearing.  *See Snow v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2017 ME 239, ¶ 8 n.3, 176 A.3d 729; *Aucella v. Town of Winslow*, 628 A.2d 120, 123 (Me. 1993).

the child support order and the associated part of the judgment and remand to the trial court for clarification.  We affirm the judgment in all other respects.

## I.  BACKGROUND

[¶2]  Papadopoulos and Phillips are the parents of one minor child.  In 2011, the parties were divorced by a New Hampshire judgment that allocated primary residence of the minor child to Papadopoulos and rights of contact ("parenting time") to Phillips and required Phillips to pay child support.  In 2014, the New Hampshire court entered a judgment that modified Phillips's contact schedule to accommodate his relocation to California by giving him less frequent but longer contact with the child; and increased his child support obligation to $510 per month, which reflected an agreement that the parties would share the child's travel expenses.  Papadopoulos registered the amended divorce judgment in Maine in October 2015.  *See* 19-A M.R.S. § 1765 (2017).

[¶3]  In 2017, Phillips's wife was given a three-year assignment to a naval duty station in Hawaii.  In June 2017, Phillips filed a motion in the Maine District Court to modify the contact schedule and child support order.[2]

---

[2]  Pursuant to 19-A M.R.S. § 1747 (2017), the Maine District Court had jurisdiction to modify the child custody determination.

[¶4]  The court held a testimonial hearing on October 10, 2017.  At the hearing, Phillips sought the right to contact with the child for the child's entire school summer vacations and every Christmas vacation.  He also requested that the court either impute minimum wage income to Papadopoulos because her youngest child would soon be twenty-four months old, *see* 19-A M.R.S. § 2001(5)(D) (2017), or remove his child support obligation because of the increased travel costs he would pay for the child to visit him, *see* 19-A M.R.S. § 2009 (2017).

[¶5]  Papadopoulos, who was not represented by counsel, asked that the court "speak with [the child] privately" without her and Phillips present.  The parties agreed that they did not want the child to take the stand and testify, and they did not want to be present if the court spoke with the child.  After noting that Papadopoulos did not have an attorney, the court explained that it could not meet with a witness without representatives from both sides present.  The court did not hear from or speak with the child.

[¶6]  In a judgment entered on October 16, 2017, the court granted Phillips's motion to modify and awarded him contact for all but nine days of the child's summer school vacations and for alternating Christmas and Easter vacation periods to ensure that the child had "frequent and continuing contact"

with Phillips, but only so long as Phillips lives outside of the continental United States. The court also modified Phillips's child support obligation. The judgment granted no additional deviation in child support to Phillips, but stated that Papadopoulos

> is not now available for employment. Shortly [her youngest child] will be 24 months old. Considering the likely cost for child care and other work related expenses, the court *does* impute minimum wage to [Papadopoulos] in determining the amount of child support.

(Emphasis added.) The child support worksheet attached to the judgment, however, did *not* impute income to Papadopoulos and calculated that Phillips should pay $68 in child support each week. The child support order directed Phillips to pay $200 each month, an amount that "constitutes a deviation from the presumptive amount required by the child support guidelines" because of the annual "$1,500.00 deviation to recognize travel expenses."

[¶7] Papadopoulos timely appealed. *See* 14 M.R.S. § 1901 (2017); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

### A. Rights of Contact

[¶8] Papadopoulos argues that the court erred and abused its discretion when it (1) determined that a substantial change in circumstances had occurred since the previous decree because the 2014 modified judgment "was

designed with distance in mind"; and (2) ordered that Phillips would have contact with the child for the entire summer because that was not in the child's best interest. *See Jackson v. MacLeod*, 2014 ME 110, ¶ 21, 100 A.3d 484. "We review a trial court's decision on a motion to modify a divorce judgment for an abuse of discretion or errors of law. A trial court is afforded broad discretion to determine the custodial arrangements for a minor child, and the determination of the weight to be given to each factor, *see* 19-A M.R.S. § 1653(3) [2017], is left to the sound discretion of the trial court after careful consideration." *Id.* ¶ 23 (alteration omitted) (citations omitted) (quotation marks omitted). Where, as here, "a party fails to move for findings of fact on the issue of parental rights, we will infer that the trial court made all the findings necessary to support its judgment, if those findings are supported by the record." *Young v. Young*, 2015 ME 89, ¶ 5, 120 A.3d 106 (quotation marks omitted).

[¶9] Contrary to Papadopoulos's contentions, the court did not err or abuse its discretion when it determined that there had been a substantial change in circumstances and then modified the contact schedule. The court's implicit finding of a substantial change in circumstances is supported by the increase in time, distance, and cost for the child to travel from Maine to Hawaii

6

as opposed to California. *See Jackson*, 2014 ME 110, ¶ 24, 100 A.3d 484. The new contact schedule is supported by the court's findings on the importance of the child's contact with her father, and the court plainly took into account the relevant best interest factors to reach its conclusion. *See* 19-A M.R.S. § 1653(3) (2017). For these reasons, we affirm the contact provisions of the judgment.[3]

B.    Child Support

[¶10]    Papadopoulos also contends that it is unclear how the court calculated the child support award. We review child support awards for an abuse of discretion and the court's factual findings for clear error. *See Akers v. Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311.

[¶11]    We normally direct parties to bring mathematical or other asserted errors in the calculation of child support directly to the attention of the trial court, *see id.* ¶ 9, but here there is an error in either the child support

---

[3] Papadopoulos argues that the judge should have interviewed the child, who was ten years old at the time, without the parties present. Contrary to her contention, the court did not abuse its discretion when it refused to speak with the child privately and would not allow the child to testify as a witness with only Phillips's attorney present. We note that other options may be available to a trial court. For example, it is generally an acceptable practice to interview a child of that age in a case where the only issue is contact, the child is not asked to choose between the contending parents or state a preference for one parent over the other, and the court employs available mechanisms to ensure the circumstances are fair and appropriate. *See Hutchinson v. Cobb*, 2014 ME 53, ¶¶ 13-14, 90 A.3d 438 (even though done with the parties' consent, the court erred in interviewing the child privately in chambers and unrecorded). Alternately, if the circumstances allow it, the court may consider appointing a limited guardian ad litem for the express purpose of interviewing the child in a less stressful setting. *See* 19-A M.R.S. § 1507 (2017).

order or the judgment that is more than a mere calculation error. In its judgment, the court's language appeared to indicate that it would impute minimum wage income to Papadopoulos pursuant to 19-A M.R.S. § 2001(5)(D), but neither the child support worksheet nor the child support order does that.[4] This inconsistency, coupled with the unsupported determination that Phillips must pay $200 per month in child support, make effective appellate review impossible because we cannot ascertain the court's intent with regard to Phillips's child support obligation. *See McBride v. Worth*, 2018 ME 54, ¶¶ 14-15, --- A.3d ---; *Miliano v. Miliano*, 2012 ME 100, ¶ 28, 50 A.3d 534. Accordingly, we vacate the child support order, vacate the child support provisions of the judgment, and remand for the trial court to clarify its award.

The entry is:

> Child support order and provisions of judgment governing child support vacated. Judgment affirmed in all other respects. Remanded for further proceedings consistent with this opinion.

---

Jaclyn E. Papadopoulos, pro se appellant

James M. Dunleavy, Esq., Currier & Trask, P.A., Presque Isle, for appellee Brandon L. Phillips

Houlton District Court docket number FM-2015-101
FOR CLERK REFERENCE ONLY

---

[4] The child support order does provide for a "$1,500.00 deviation to recognize travel expenses."