2012 ME 139

### In re MARCIA E.

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 28, 2012.

Decided: Dec. 20, 2012.

---

Jeffrey S. Dolley, Esq., Dolley Law Firm, LLC, Lewiston, for appellant Marcia E.

William J. Schneider, Attorney General, and N. Paul Gauvreau, Asst. Atty. Gen., Office of Attorney General, Augusta, for appellee Department of Health and Human Services.

Panel: SAUFLEY, C.J., and LEVY, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] Marcia E. appeals from the District Court's (Lewiston, *Oram, J.*) judgment ordering her involuntary commitment following an emergency hospitalization at St. Mary's Regional Medical Center. Marcia contends that the Hospital's violation of the statutory procedure related to her emergency admission at the Hospital required the court to dismiss the Hospital's subsequent petition for her involuntary commitment. Because we conclude that the Hospital met the statutory requirements for Marcia's involuntary commitment, we affirm.

## I. BACKGROUND

[¶ 2] On June 19, 2011, police brought Marcia to the Hospital's emergency room in response to reports that Marcia had lit herself on fire. The following morning, medical staff evaluated Marcia and determined that she met the criteria for emergency involuntary admission pursuant to 34–B M.R.S. § 3863 (2011). At that time, the Hospital could not accommodate Marcia in its psychiatric unit. Because Marcia appeared to be a danger to herself, the Hospital held Marcia in its emergency facilities. She remained there for three days, being reevaluated every twenty-four hours. After each evaluation, the Hospital determined that Marcia remained eligible for emergency admission. It was not until the third day, when the Hospital could accommodate Marcia in its psychiatric unit, that Hospital officials applied for the judicial endorsement necessary to formally admit Marcia to the Hospital on an emergency basis. On June 22, the court (*Alexander, J.*) gave its endorsement, and the Hospital formally admitted Marcia on an emergency basis.

[¶ 3] On June 24, the Hospital filed an application for Marcia's involuntary commitment pursuant to 34–B M.R.S. §§ 3863(5–A) and 3864 (2011). The court (*Beliveau, J.*) appointed counsel for Marcia, notified her that it would hold a hearing on July 7, and ordered a medical examination prior to the hearing. Marcia then sought the dismissal of the involuntary commitment petition on the basis that the Hospital violated the statutory procedure for emergency hospitalization outlined in 34–B M.R.S. § 3863(3)(B)(2) when it held her for three days before seeking a judge's endorsement for emergency admission.

[¶ 4] The court (*Oram, J.*) held a hearing, denied Marcia's motion to dismiss, and ordered Marcia's hospitalization for a period not to exceed ninety days.[1] In support

---

1. Because more than ninety days have passed since the order for Marcia's involuntary commitment, Marcia is no longer committed pursuant to that order. However, the parties agree that Marcia's case is not moot. We also agree. *See, e.g., In re Christopher H.,* 2011 ME 13, ¶¶ 5, 12–13, 12 A.3d 64 (concluding that a case involving an expired order for

of its judgment, the court found by clear and convincing evidence that Marcia was mentally ill, that she posed a likelihood of serious harm to herself, that adequate community resources were not available to meet her needs, and that hospitalization was the best available means of treatment for her.

■ [¶ 5] Pursuant to 34–B M.R.S. § 3864(11) and M.R. Civ. P. 76D, Marcia appealed to the Superior Court (Androscoggin County, *MG Kennedy, J*), which affirmed the judgment, concluding that the Hospital's failure to comply with the procedural requirements for Marcia's emergency admission did not constitute grounds for dismissal of the separate involuntary commitment petition. This appeal followed.[2]

## II. DISCUSSION

[¶ 6] When a patient presents an emergency psychiatric situation, a hospital may hold the patient against his or her will for up to twenty-four hours if it immediately files an application, together with a certification from an examining medical practitioner, requesting a judge's endorsement. 34–B M.R.S. § 3863(1)-(3). Once issued, a judge's endorsement authorizes the pa-

tient's formal emergency admission to a psychiatric hospital. *Id.* § 3863(3). Under no circumstances may a hospital hold a person against his or her will for longer than twenty-four hours unless the hospital has obtained a judge's endorsement. *Id.* § 3863(3)(B).[3]

[¶ 7] Following judicial endorsement and emergency admission, a hospital may seek the patient's involuntary commitment by filing an application in the District Court within three days of the date of emergency admission. *Id.* § 3863(5–A)(C). The hospital must either file the application for involuntary commitment within three days of the patient's emergency admission or promptly discharge the patient.[4] *Id.*

■ [¶ 8] Here, the Hospital began holding Marcia against her will on June 19, but it did not seek and obtain a judge's endorsement until June 22. Marcia could have challenged her detention at any time by seeking a writ of habeas corpus. *See id.* § 3804 (2011).[5]

[¶ 9] Nevertheless, the Hospital's failure to comply with the procedural requirements for Marcia's emergency admission

---

involuntary commitment was not moot because "the State's interest in protecting the mentally ill is a public concern," and the brief length of commitment makes the issue capable of repetition but evading review (quotation marks omitted)).

2. "When the Superior Court acts as an intermediate appellate tribunal, we directly review the judgment of the District Court to determine whether that decision contains any error of law that affects the validity of the judgment." *In re Christopher H.*, 2011 ME 13, ¶ 6, 12 A.3d 64 (alteration and quotation marks omitted).

3. Title 34–B M.R.S. § 3863(3)(B)(2) (2011) provides, in relevant part:

A person may not be held against the person's will in a hospital under this section, except that a person ... may be detained in a hospital for a reasonable period of time, not to exceed 24 hours, pending endorsement by a judge or justice, if ... the person or persons seeking the involuntary admission undertake to secure the endorsement immediately upon execution of the certificate by the examiner.

4. Special rules apply if the third day falls on a holiday or weekend. *See* 34–B M.R.S. § 3863(5–A)(C) (2011).

5. Title 34–B M.R.S. § 3804 (2011) provides: "Any person detained pursuant to this subchapter is entitled to the writ of habeas corpus, upon proper petition by himself or by a friend to any justice generally empowered to issue the writ of habeas corpus in the county in which the person is detained."

did not prevent the court from ordering Marcia's involuntary commitment. Involuntary commitment involves a procedure separate and distinct from the procedure for emergency admission, and here, the Hospital met all of the statutory requirements for Marcia's involuntary commitment. Because the Hospital admitted Marcia on an emergency basis on June 22, its June 24 application for her involuntary commitment met the three-day statutory deadline of section 3863(5–A)(C). As for the other requirements for involuntary commitment, outlined in section 3864, Marcia properly concedes that the Hospital met those requirements. Because the Hospital met all the requirements necessary to involuntarily commit Marcia, the court did not err in denying Marcia's motion to dismiss the involuntary commitment petition.

The entry is:

Judgment affirmed.