MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 1
Docket:        Pen-13-257
Submitted
 On Briefs:    December 13, 2013
Decided:       January 9, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

## IN RE STEVEN L.

SAUFLEY, C.J.

[¶1]  Steven L. appeals from a judgment of the Superior Court (Penobscot County, *A. Murray, J.*) affirming a judgment of the District Court (Bangor, *Campbell, J.*) that ordered Steven involuntarily admitted to a progressive treatment program for one year beginning on September 7, 2012.  *See* 34-B M.R.S. §§ 3801(4-A), 3873-A (2013).  On appeal, Steven raises issues related to the application of the statute in the circumstances of his case and the sufficiency of the evidence to support the District Court's findings of fact.  Because the issues raised on appeal are moot due to Steven's release from the progressive treatment program, we dismiss the appeal.

## I. BACKGROUND

[¶2]  On June 22, 2012, Steven L. was ordered involuntarily committed to Acadia Hospital for a term of up to ninety days.  *See* 34-B M.R.S. § 3864 (2013).  On August 30, the hospital's superintendent applied to the District Court for an

order directing Steven's involuntary admission to a progressive treatment program. The application included the certificate of a doctor asserting that, as defined in 34-B M.R.S. § 3801(4-A)(B) and (C), Steven posed a substantial risk of physical harm to others and that there was a reasonable certainty that Steven would suffer severe physical or mental harm without an order. *See* 34-B M.R.S. § 3873-A(1), (2). The application included a proposed treatment plan in a particular program.

[¶3] The District Court (*Jordan, J.*) ordered a psychological examination and scheduled a hearing for September 7, 2012. After the September 7 evidentiary hearing, the court (*Campbell, J.*) found each statutorily required element, *see* 34-B M.R.S. § 3873-A(1)(A)-(G), and immediately ordered Steven admitted to the progressive treatment program for twelve months.

[¶4] Steven appealed from this judgment to the Superior Court, *see* 34-B M.R.S. §§ 3864(11), 3873-A(5)(I), and the Superior Court (*A. Murray, J.*) affirmed the judgment on April 23, 2013. Steven appealed to us on May 13, 2013. The parties agree that Steven was discharged when the progressive treatment program's term expired on September 7, 2013, before the appendix, appellee's brief, and reply brief were due in the appeal before us. At no point during the appeal process did Steven move to expedite the proceedings.

## II. DISCUSSION

[¶5]   Because the term of the involuntary admission to the progressive treatment program has expired and Steven has been discharged, "his appeal should be dismissed as moot unless one of the exceptions to the mootness doctrine is present." *In re Walter R.*, 2004 ME 77, ¶ 9, 850 A.2d 346.   Three common exceptions are (1) the collateral consequences exception, which "allows the review of a controversy where sufficient collateral consequences result from the appealed matter so as to justify relief"; (2) the public interest exception, which "permits questions of great public interest to be addressed to guide the bar and public"; and (3) an exception that "allows the review of matters that are repeatedly presented to trial courts, but they are of such short duration that they escape appellate review." *Id.*

[¶6]  The collateral consequences exception does not apply here because the statutes do not authorize an increase in the term of any possible future involuntary commitment or admission to a progressive treatment program—or any other collateral consequence—based on the existence of a prior order of involuntary admission to a progressive treatment program.   *Cf.* 34-B M.R.S. § 3864(7) (authorizing a court to order an increased term of involuntary commitment up to one year if a person has been involuntarily committed in the past); *see In re Christopher H.*, 2011 ME 13, ¶ 13 n.2, 12 A.3d 64 (declining to apply the

4

collateral consequences exception because the commitment on appeal was not Christopher's first and could not cause potential future commitments to be longer in duration).

[¶7]  Whether the public interest exception applies depends on "whether the issue is private or public; whether court officials need an authoritative decision for future proceedings; and the likelihood of the issue repeating itself in the future." *In re Walter R.*, 2004 ME 77, ¶ 12, 850 A.2d 346; *see also In re Christopher H.*, 2011 ME 13, ¶ 12, 12 A.3d 64.  In involuntary commitment cases, issues regarding statutory and constitutional interpretation, the sufficiency of the evidence, and the admissibility of expert testimony have been held likely to be repeated such that an opinion would provide helpful guidance in future proceedings.  *In re Christopher H.*, 2011 ME 13, ¶¶ 7, 12, 12 A.3d 64; *In re Walter R.*, 2004 ME 77, ¶ 12, 850 A.2d 346; *In re Kevin C.*, 2004 ME 76, 850 A.2d 341.

[¶8]  Here, however, our consideration of the issues raised on appeal would not generate meaningful authority for future decision-making, and we cannot conclude that the narrow issues in this case are likely to repeat themselves in the future.  *Cf. In re Christopher H.*, 2011 ME 13, ¶ 12, 12 A.3d 64; *In re Walter R.*, 2004 ME 77, ¶ 12, 850 A.2d 346.  Although there is undoubtedly a public interest in proceedings of this nature, the particular issues raised here relate more directly to the private interests of an individual in unique circumstances.

[¶9]  Nor does this case present a matter that will be repeatedly presented to trial courts and is of such short duration that it would escape appellate review.  *See In re Walter R.*, 2004 ME 77, ¶ 9, 850 A.2d 346.  The original order of admission to the progressive treatment program was entered on September 7, 2012.  More than a year has passed since the order took effect.  Steven could have moved to expedite the appeals given the clearly looming issue of mootness, but he did not do so.  In such circumstances, we will not overlook the mootness of the appeal to reach its merits.

The entry is:

> Appeal dismissed.

---

**On the briefs:**

Joseph P. Belisle, Esq., Bangor, for appellant Stephen L.

Janet T. Mills, Attorney General, and Janine A. Raquet, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Dorothea Dix Psychiatric Center

Penobscot County Superior Court docket number AP-2012-23
FOR CLERK REFERENCE ONLY