MAINE SUPREME JUDICIAL COURT                                   Reporter of Decisions
Decision:      2014 ME 80
Docket:        Yor-13-322
Submitted
  On Briefs:   May 29, 2014
Decided:       June 19, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, GORMAN, and JABAR, JJ.


# GUARDIANSHIP OF RILEY J. YOUNG

GORMAN, J.

[¶1]  In 2012, Sarah A. Clifford and Debra J. Clifford petitioned the York County Probate Court[1] for a temporary guardianship of Tasha J. Young's minor child.[2]  *See* 18-A M.R.S. § 5-207 (2013).   Ultimately, the court (*Hanley, J.*) conducted a contested hearing on the petition and, by judgment dated August 27, 2013, granted the Cliffords a temporary guardianship of the child for as long as the statute allows—a period of six months.  *See* 18-A M.R.S. §§ 5-204(c), 5-207(c) (2013).  As temporary guardians, the Cliffords had the right to provide the child's primary residence and the power to make all care, education, and medical decisions for the child during that limited period.  *See* 18-A M.R.S. § 5-209 (2013). The court also established a schedule for contact between Young and the child during the term of the temporary guardianship.   Young appeals, challenging the

---

[1]  Although the Cliffords' petition was filed in the York County Probate Court, the matter was referred to the judge of the Oxford County Probate Court due to the recusal of the York County Probate judge.  *See* 4 M.R.S. §§ 306-307 (2013).

[2]  The Cliffords have provided a home for the child for much of the child's life.

2

sufficiency of the evidence supporting the award of temporary guardianship and the court's decisions to reopen the evidence, admit certain evidence at trial, and deny her request for expert witness fees. *See* 18-A M.R.S. § 1-308 (2013).

[¶2]   The temporary guardianship expired on February 27, 2014, and the matter is therefore moot.[3] *See Sparks v. Sparks*, 2013 ME 41, ¶ 9, 65 A.3d 1223 (stating that an appeal of a guardianship judgment is moot when "an appellate decision cannot offer a party any more relief than what that party received in an earlier proceeding" (alterations omitted) (quotation marks omitted)); *Sordyl v. Sordyl*, 1997 ME 87, ¶ 1, 692 A.2d 1386 (dismissing as moot an appeal from an expired protection order).   Young does not argue that her appeal presents an exception to the mootness doctrine, *see Doe v. Williams*, 2013 ME 24, ¶ 19, 61 A.3d 718 ("We will consider an appeal that is otherwise moot if the appellant can show that [one of the exceptions to mootness applies]."), nor did she seek an expedited appeal in the matter, *see* M.R. App. P. 14(c); *In re Steven L.*, 2014 ME 1, ¶ 9, 86 A.3d 5 ("[The appellant] could have moved to expedite the appeal[] given the clearly looming issue of mootness, but he did not do so.  In such circumstances, we will not overlook the mootness of the appeal to reach its merits.").

---

[3]  Although the Cliffords filed a second guardianship petition in January of 2014, the disposition of that matter is not before us in this appeal, and in any event, no final judgment has been issued on that petition.

The entry is:

Appeal dismissed.

---

**On the briefs:**

Amanda E. Ramirez, Esq., Holmes Legal Group, LLC, Wells, for appellant Tasha Young

Virginia Lee Holt, Esq., Scarborough, for appellee Debra and Sarah Clifford

York County Probate Court docket number 2012-848
FOR CLERK REFERENCE ONLY