MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2017 ME 5
Docket:      Pen-16-245
Submitted
 On Briefs:  November 29, 2016
Decided:     January 12, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, and HUMPHREY, JJ.

IN RE STEVEN L.

PER CURIAM

[¶1]  Steven L. appeals from a judgment of the Superior Court (Penobscot County, *Anderson, J.*) affirming an order of the District Court (Bangor, *Jordan, J.*) extending his involuntary commitment to a progressive treatment program for a period of twelve months.  Although the order at issue on appeal has expired, the issue of sufficiency of the evidence to support a commitment order regarding Steven L. has already been presented to us once, *In re Steven L.*, 2014 ME 1, 86 A.3d 5 (*Steven L. I*), but to date has evaded review because of the determinate duration of the order.  Given that circumstance, we conclude that the matter falls within one of the exceptions to the mootness doctrine, reach the merits of the appeal, and affirm the order of the District Court.[1]

---

[1]  We review directly a decision of the District Court that is on appeal from a decision of the Superior Court, acting in its appellate capacity.  *See Lyle v. Mangar*, 2011 ME 129, ¶ 11, 36 A.3d 867.

## I. CASE HISTORY

[¶2]  The case history, stated below, is based on the documents in the record, here including the transcript, *cf. Guardianship of Luneau*, 2016 ME 127, ¶ 1, 147 A.3d 349, and our prior opinion, *Steven L. I.*

[¶3]  Steven L. is an individual who, at the time of the trial court hearing, was fifty-five years old.  He suffers from severe and persistent mental illness. He was involuntarily admitted to a progressive treatment program on September 7, 2012, for a period of one year, and on July 11, 2014, was again involuntarily admitted to a progressive treatment program for a period of one year.  In June 2015, the Dorothea Dix Psychiatric Center, a psychiatric hospital operated by the Department of Health and Human Services, applied to the District Court for a twelve-month extension of the progressive treatment program order pursuant to 34-B M.R.S. § 3873-A(9) (2016).  The application alleged that Steven L. has a history of multiple psychiatric admissions and incidents of dangerous behavior and wishes to discontinue his medication. After a hearing on June 26, 2015, the District Court granted the motion and ordered the extension.

[¶4]  The District Court found, by clear and convincing evidence, that Steven L. suffers from severe and persistent mental illness and schizoaffective

disorder that has persisted since childhood. Because of his mental illness, Steven L. poses a risk of harm to himself and others based on his history of suicidality—both on and off medication—and his aggressive behavior toward others. Steven L. has abided by the individualized treatment plan outside of a hospital environment for a year, but he is unlikely to take his medication without the plan. Further, continued participation in the progressive treatment program and access to community resources will help protect Steven L. from interruptions of treatment, relapses, and deterioration of his mental health, as well as enable him to survive more safely in the community, without posing a likelihood of serious harm.

[¶5] The court was not persuaded by Steven L.'s argument that the side effects of the medication decrease his quality of life so much that he is more likely to commit suicide if he is required to participate in the program. Thus, the court found each statutorily required element and ordered the extension of Steven L.'s admission to the progressive treatment program. No motion for further findings of fact or conclusions of law was filed. *See* M.R. Civ. P. 52.

[¶6] Appeals of progressive treatment orders are presented first to the Superior Court pursuant to 34-B M.R.S. §§ 3864(11), 3873-A(5)(I) (2016) and M.R. Civ. P. 76D. On July 17, 2015, Steven filed a notice of appeal from the

District Court's order to the Superior Court. Following some delay in briefing requested by Steven L.'s counsel, the Superior Court affirmed the District Court's order on April 20, 2016. This appeal followed.

## II. LEGAL ANALYSIS

### A. Mootness

[¶7] More than twelve months have passed since the June 26, 2015, commitment order. By statute, and by the terms of the court's order, Steven L.'s commitment could not exceed twelve months; thus, the 2015 order has expired. *See In re Walter R.*, 2004 ME 77, ¶ 8, 850 A.2d 346; 34-B M.R.S. § 3873-A(9). Because the order has expired, we must determine whether this appeal is moot and should be dismissed. *See In re Christopher H.*, 2011 ME 13, ¶ 10, 12 A.3d 64. Although the parties have not raised the issue of mootness, we do so sua sponte.[2] *Id.*

[¶8] Generally, we decline to hear an appeal when the issues are moot, that is, when they have lost their controversial vitality, and our decision would

---

[2] Two days after his brief was due, counsel for Steven L. filed a letter with us requesting that we dismiss the appeal because he "noticed the matter would now be moot under this Court's decision in *In re Steven L.*, 2014 ME 1, ¶ 9, 86 A.3d 5." We accepted the letter as a motion to dismiss and denied the request, noting that we were unable to determine whether the appeal would qualify for an exception to the mootness doctrine, "especially given Steven's re-hospitalization or continuing hospitalization," and we invited the parties to brief the mootness issue with the merits of the appeal. *See* M.R. App. P. 4(a)(2). Counsel for Steven L. did not address the mootness issue in his brief. The Department took no position on the issue in its brief but noted that an exception to the mootness doctrine may be applicable here.

not provide an appellant any real or effective relief. *In re Nicholas S.*, 2016 ME 82, ¶ 7, 140 A.3d 1226. "Even when an appeal is moot, however, we will still address the merits in some circumstances." *Id.*; *see Maine Appellate Practice* § 205 at 212 (4th ed. 2013) (describing exceptions to the mootness doctrine). One such exception applies when "the issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of its fleeting or determinate nature." *In re Christopher H.*, 2011 ME 13, ¶ 13, 12 A.3d 64.

[¶9] We previously addressed the issue of mootness in the context of an appeal from an order committing a person to a progressive treatment program. *Steven L. I*, 2014 ME 1, ¶ 5, 86 A.3d 5. In circumstances nearly identical to those in this case, including the involvement of the same patient, we declined to apply any of the exceptions to the mootness doctrine. *Id.* ¶¶ 5-9. In declining to apply an exception, we instructed that in circumstances when there is a "clearly looming issue of mootness," the best practice is to move for expeditious appellate review. *Id.* ¶ 9.

[¶ 10] Not only was the appeal now at issue not expedited, but it was delayed several times by late filings and requests for enlargements of time by Steven L.'s counsel. However, we conclude that an exception to the mootness doctrine is appropriately applied here because of the statutorily limited length

6

of the commitment and because the specific issue in the present case, involuntary the same patient, is before us for a second time. *See In re Christopher H.*, 2011 ME 13, ¶ 13, 12 A.3d 64. Thus, we reach the merits of the appeal.

B.     Sufficiency of the Evidence

[¶11]   Steven L. argues that the record does not contain sufficient evidence to support the court's findings. Findings supporting an order for involuntary admission to a progressive treatment program must be established by clear and convincing evidence. *See Pitts v. Moore*, 2014 ME 59, ¶ 27, 90 A.3d 1169 (establishing a clear and convincing evidence standard in the absence of legislation when interference with fundamental rights is at issue); *cf. In re Marcia E.* 2012 ME 139, ¶ 4, 58 A.3d 1115. We review the court's findings for clear error and will affirm the decision unless there is no competent evidence in the record to support it. *See* 34-B M.R.S. § 3864(11)(B); *In re Marcial O.* 1999 ME 64, ¶ 21, 728 A.2d 158.

[¶12]   To involuntarily admit a person to a progressive treatment program, 34-B M.R.S. § 3873-A(1) (2016) requires the presence of the following conditions:

**A.** The patient suffers from a severe and persistent mental illness;

**B.** The patient poses a likelihood of serious harm;

**C.** The patient has the benefit of a suitable individualized treatment plan;

**D.** Licensed and qualified community providers are available to support the treatment plan;

**E.** The patient is unlikely to follow the treatment plan voluntarily;

**F.** Court-ordered compliance will help to protect the patient from interruptions in treatment, relapses or deterioration of mental health; and

**G.** Compliance will enable the patient to survive more safely in a community setting without posing a likelihood of serious harm.

[¶13] Here, the District Court did not clearly err in its findings regarding each statutorily required condition. The court's findings were supported by the testimony of a court-appointed psychologist who examined Steven L., a nurse practitioner who was Steven L.'s outpatient provider, a psychiatrist who formerly treated Steven L., Steven L.'s own testimony, and the psychologist's written report.

[¶14] This record established that Steven L. has suffered from severe and persistent mental illness and schizoaffective disorder for decades; he poses a likelihood of harm to himself and others as evidenced by his recent attempt to overdose and aggressive behavior exhibited at a group home; he

8

has the benefit of a suitable individualized treatment plan, which he has complied with for a year; he is supported by community resources and counseling that will be made available to him at his request; he is highly unlikely to follow the plan voluntarily based on his repeated statements that without the plan he will cease taking the medication; court-ordered compliance will protect him from "decompensat[ing] significantly" in the opinion of his outpatient provider; and compliance will enable Steven L. to survive more safely in the community without posing a likelihood of serious harm as proven by objective evidence throughout the period covered by the District Court's order.

[¶15]  Therefore, because the trial record supports the court's findings, by clear and convincing evidence, we affirm the District Court's order extending Steven L.'s admission to a progressive treatment program for a period of twelve months.

The entry is:

Judgment affirmed.

Zachary Brandmeir, Esq., Bangor, for appellant Steven L.

Janet T. Mills, Attorney General, and Christopher C. Leighton, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Penobscot County Superior Court docket number AP-2015-6
FOR CLERK REFERENCE ONLY