Concurrence/Dissent: ALEXANDER, J.
 

 JABAR, J.
 

 [¶1] Christopher P. McMahon appeals from a judgment of the District Court (Lewiston,
 
 Ende, J.
 
 ) denying his motion for contempt and granting Tanya J. McMahon's motion to modify a 2010 divorce judgment and the court's order
 (
 
 Sparaco, D.C.J.
 
 )
 
 [1]
 
 denying his motion to alter or amend the judgment and granting in part his motion for additional findings of fact and conclusions of law.
 
 See
 
 M.R. Civ. P. 52(b), 59(e).
 

 [¶2] Christopher argues that the court committed error and abused its discretion by (1) denying his motion for contempt, (2) failing to implement a partial mediation agreement, (3) ordering him to pay attorney and guardian ad litem fees, (4) denying a deviation from the child support guidelines, and (5) imposing conditions on his visitation rights. Discerning no error or abuse of discretion in the court's actions, we affirm the judgment.
 

 I. BACKGROUND
 

 [¶3] The following facts, all of which are supported by competent evidence, were found by the court. Because Christopher moved for additional findings of fact pursuant to M.R. Civ. P. 52(b), we do not infer any findings, and consider only the findings and conclusions explicitly rendered by the court.
 
 See
 

 Ehret v. Ehret
 
 ,
 
 2016 ME 43
 
 , ¶ 9,
 
 135 A.3d 101
 
 .
 

 [¶4] Christopher and Tanya McMahon, parents of three children now ranging from eleven to eighteen years of age, were divorced through a 2010 judgment entered by the District Court (
 
 Ende, J.
 
 ). The judgment conferred both shared parental rights and shared primary residence for all three children. Christopher moved to Connecticut in early 2012, but neither party sought to amend the divorce judgment.
 

 [¶5] Over the next few years, Christopher's relationship with his two eldest children began to deteriorate, in part because of conflicts between the children and his new wife. In 2016, the youngest child expressed a wish to try school in Connecticut, and Tanya and Christopher began to discuss the possibility of making the move happen. To this end, Christopher sent a written agreement to Tanya stating that the child would remain with him in Connecticut for the entire school year. Tanya added additional language stating that the child could move back to Maine without hesitation if the child so desired, and sent a signed copy back to Christopher. Christopher neither read nor replied to Tanya's version of the agreement, and no further discussions took place. The child moved to Connecticut later that year.
 

 [¶6] While the youngest child was in Maine for the holidays in late 2016, Tanya sent a letter to Christopher stating that their "temporary arrangement" had been rescinded, and that the child would remain in Maine. Concurrently, Tanya filed a motion to modify the 2010 divorce judgment, seeking to provide the sole primary residence for the three children and a recalculation of child support. In response, Christopher filed a motion for contempt, alleging that Tanya breached the 2010 divorce judgment by relocating the residence of the youngest child without thirty days' notice. Both parties attended mediation in May 2017, which culminated in a partial agreement.
 

 [¶7] The court held a hearing on the parties' motions a half day at a time on three days in late August and early September. Following the hearings, the court granted Tanya's motion to modify the divorce judgment, giving her the right to provide the sole primary residence for all three children. The court denied Christopher's motion for contempt. The court (
 
 Sparaco, D.C.J.
 
 ) denied Christopher's subsequent motion to alter or amend and granted in part his motion for additional findings of fact and conclusions of law. Christopher timely appealed.
 
 See
 
 14 M.R.S. § 1901 (2017) ; 19-A M.R.S. § 104 (2017) ; M.R. App. P. 2B(c).
 

 II. DISCUSSION
 

 A. Motion for Contempt
 

 [¶8] Christopher first argues that the court erred and abused its discretion by denying his motion for contempt. We review the findings of fact "that form a basis for [the] court's decision regarding civil contempt for clear error."
 
 Lewin v. Skehan
 
 ,
 
 2012 ME 31
 
 , ¶ 18,
 
 39 A.3d 58
 
 . The court's finding is "clearly erroneous when there is no competent evidence in the record to support it."
 

 Id.
 

 If review of the factual findings reveals no clear error, the court's decision is reviewed for an abuse of discretion.
 

 Id.
 

 [¶9] "For a court to find a party in contempt, the complaining party must establish by clear and convincing evidence that the alleged contemnor failed or refused to comply with a court order and presently has the ability to comply with that order."
 
 Efstathiou v. Efstathiou
 
 ,
 
 2009 ME 107
 
 , ¶ 11,
 
 982 A.2d 339
 
 . Further, the "court order must inform the person in definite terms what duties the order imposes upon him."
 
 Lewin
 
 ,
 
 2012 ME 31
 
 , ¶ 19,
 
 39 A.3d 58
 
 .
 

 [¶10] Here, Christopher moved to Connecticut following the issuance of the original divorce judgment, making compliance with its shared residence provision all but impossible. Neither party sought to alter that judgment, and the parties' informal agreement about the youngest child's move to Connecticut in 2016 was not an enforceable order.
 
 See
 

 Fisco v. Dep't of Human Servs.
 
 ,
 
 659 A.2d 274
 
 , 275 (Me. 1995) (holding that reliance on an informal agreement between parties as to child support "is unreasonable and unjustifiable" because it frustrates the power of the court);
 
 Ashley v. State
 
 ,
 
 642 A.2d 176
 
 , 176 (Me. 1994) (same). Accordingly, the court found that both parties shared the responsibility for the sequence of events that transpired; that there was no court order that specified the youngest child's primary residence in light of the changed circumstances; and therefore, that there was no court order that could have been violated. Because competent evidence in the record supports that determination, it was not an abuse of discretion for the court to deny Christopher's motion for contempt.
 

 B. Mediated Agreement
 

 [¶11] Christopher next argues that the court erred when it failed to implement provisions of a mediated partial agreement between him and Tanya regarding his summer contact with their youngest child. Contrary to Christopher's assertion, "[a] family matter agreement does not become an order of the court until it is presented to and approved by the court."
 
 Cloutier v. Cloutier
 
 ,
 
 2003 ME 4
 
 , ¶ 8,
 
 814 A.2d 979
 
 . Although "in the normal course, the court should honor an agreement reached by the parties," it may, "acting within its discretion, conclude[ ] that there is a basis for setting aside an agreement that has not been incorporated in a court order."
 
 Id.
 
 ¶¶ 9-10. Among other bases, the court may consider "what [effect]
 

 the enforcement or setting aside of the agreement would have on the best interests of the children."
 
 Id.
 
 ¶ 11.
 

 [¶12] The mediated agreement was created three months prior to the final hearing, and during that time, the guardian ad litem expressed her opinion that she did not believe the agreement was in the best interest of the youngest child. It was well within the court's discretion to examine the mediated agreement in order to determine if it was in the child's best interest and to ultimately find that it was not.
 
 See id.
 

 C. Attorney and Guardian ad Litem Fees
 

 [¶13] Finally, Christopher contends that it was error for the court to order him to pay a portion of Tanya's attorney fees and to apportion more than half of the guardian ad litem fees to him. Christopher argues that the court erred by finding that he was able to afford such payments. We review the award and apportionment of attorney and guardian ad litem fees for an abuse of discretion.
 
 See
 

 McBride v. Worth
 
 ,
 
 2018 ME 54
 
 , ¶ 20,
 
 184 A.3d 14
 
 ;
 
 Akers v. Akers
 
 ,
 
 2012 ME 75
 
 , ¶ 10,
 
 44 A.3d 311
 
 .
 

 [¶14] In making its determination, the court found that Christopher made almost twice as much as Tanya and thus was better able to absorb the cost of litigation.
 
 See
 
 19-A M.R.S. § 1507(7)(A), (E) (2017). The court's finding is based firmly on the financial affidavits that both parties provided to the court. Although Christopher has attempted to introduce new evidence on appeal of an allegedly lower income, we do not "consider new facts, new exhibits or other material relating to the merits of the appeal that was not presented to the trial court and included in the trial court record."
 
 Beane v. Me. Ins. Guar. Ass'n
 
 ,
 
 2005 ME 104
 
 , ¶ 9,
 
 880 A.2d 284
 
 . In relying on the financial information available to it, the court did not abuse its discretion.
 

 [¶15] Although concurring in all other respects, the dissent would conclude that the court erred by straying from the maximum fee and equal sharing arrangement contemplated in the orders appointing the guardian ad litem. Dissenting Opinion ¶ 21. It is important to note, however, that other than Christopher's argument on appeal that he could not afford the payments, he did not raise any issues surrounding the guardian ad litem fees.
 

 [¶16] In
 
 Teel v. Colson
 
 , we said
 

 The general rule governing proper appellate procedure is that a party who seeks to raise an issue for the first time at the appellate level is held, in legal effect, to have "waived" the issue insofar as he utilizes it to attack a judgment already entered and from which an appeal is taken; therefore, appellate review will be denied to such question.
 

 396 A.2d 529
 
 , 533 (Me. 1979) (quoting
 
 Reville v. Reville
 
 ,
 
 289 A.2d 695
 
 , 697 (Me. 1972) ). To that point, we further stated that
 

 Specifically, proper appellate practice will not allow a party to shift his ground on appeal and come up with new theories after being unsuccessful on the theory presented in the trial court. It is a well settled universal rule of appellate procedure that a case will not be reviewed by an appellate court on a theory different from that on which it was tried in the court below.
 

 Id.
 
 at 534.
 

 [¶17] In this case, the appellant did not challenge the total amount of the guardian ad litem's fees at trial and is not raising any issue regarding the final amount of the guardian ad litem's fees in this appeal. Nonetheless, the dissent
 
 sua sponte
 
 raises the issue. Dissenting Opinion ¶¶ 24-43.
 

 Moreover, at the conclusion of the hearing, Christopher's attorney noted that he had reviewed the bill and there was "really no objection [he could] make to it." Although it is not clear which guardian ad litem bill was being discussed, the record establishes that the guardian submitted an affidavit regarding her fees on September 11, 2017, and the court acted well within its discretion in considering Christopher's litigation strategy and choices as increasing the time required of the guardian ad litem.
 

 [¶18] In his motion for additional findings and conclusions, Christopher did not question the guardian's total fees as being over the initial cap, nor did he question the uneven allocation. Finally, on this appeal, other than claiming that he could not afford the attorney and guardian ad litem fees, Christopher has not raised the issue of the guardian's fees being over the initially authorized amount allowed or the uneven allocation of the payment of the guardian's bill. Although we do not disagree with the principle addressed by the dissent regarding the need for clarity of orders setting the amounts and expectations of guardian ad litem fees, that issue has not been raised in this appeal. Accordingly, we deem the issue waived.
 
 See
 

 id.
 
 at 533-34.
 

 D. Christopher's Remaining Arguments
 

 [¶19] Christopher's remaining arguments are also unpersuasive. It was well within the court's discretion to determine that the several weeks the youngest child spends in his father's care during the summer was an insufficient basis to deviate from the child support guidelines.
 
 [2]
 

 See
 

 Wong v. Hawk
 
 ,
 
 2012 ME 125
 
 , ¶ 17,
 
 55 A.3d 425
 
 (stating that we review the "decision not to deviate from the child support guidelines for an abuse of discretion").
 

 [¶20] Similarly, it was not an abuse of discretion for the court to determine, based on previous interactions between the two eldest children and Christopher's new wife, that it was in the best interests of the children to impose a condition on Christopher's visitation with them that the stepmother not be present.
 
 See
 

 Jackson v. MacLeod
 
 ,
 
 2014 ME 110
 
 , ¶ 23,
 
 100 A.3d 484
 
 ("We review a trial court's decision on a motion to modify a divorce judgment for an abuse of discretion or errors of law.").
 

 The entry is:
 

 Judgment affirmed.
 

 A judge may not "entertain a motion to alter or amend the judgment, decree or order of another judge of the same court except in extraordinary circumstances such as in the case of the decreeing judge's death, resignation, sickness or other disability."
 
 In re C.P.
 
 ,
 
 2016 ME 18
 
 , ¶¶ 24-25,
 
 132 A.3d 174
 
 (alterations omitted) (quotation marks omitted);
 
 see also
 

 Burrow v. Burrow
 
 ,
 
 2014 ME 111
 
 , ¶ 26,
 
 100 A.3d 1104
 
 . Here, the judge who issued the judgment on the motion for contempt and motion for modification retired shortly afterward and was not available to act on the post-judgment motions. The successor judge reviewed the entirety of the record and determined that the record was sufficient for the court to address Christopher's post-judgment motions.
 
 See
 

 In re C.P.
 
 ,
 
 2016 ME 18
 
 , ¶ 28,
 
 132 A.3d 174
 
 .
 

 Christopher also argues that he is entitled to a deviation from the child support guidelines because of the increased cost of transportation related to his contact with the children because of his newly reduced income.
 
 See
 
 19-M.R.S. § 2007(3)(P) (2017). Neither this argument nor evidence of increased costs of transportation and reduced income were presented to the trial court, and they are not part of the record on appeal.
 
 See
 

 Beane v. Me. Ins. Guar. Ass'n
 
 ,
 
 2005 ME 104
 
 , ¶ 9,
 
 880 A.2d 284
 
 . As a result, we do not address this issue.
 
 See
 

 Foster v. Oral Surgery Assocs., P.A.
 
 ,
 
 2008 ME 21
 
 , ¶ 22,
 
 940 A.2d 1102
 
 ("An issue raised for the first time on appeal is not properly preserved for appellate review.").