MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 161
Docket:       Pen-19-241
Submitted
 On Briefs:   October 24, 2019
Decided:      December 10, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE STEVEN L.


HUMPHREY, J.

[¶1]  Steven L. appeals from an order of the Superior Court (Penobscot County, *A. Murray, J.*) affirming an order of the District Court (Bangor, *Campbell, J.*) admitting him to a progressive treatment program (PTP).[1]  We dismiss the appeal as moot.

## I.  BACKGROUND

[¶2]  On August 28, 2018, Acadia Hospital Corporation applied for an order admitting Steven L. to a PTP.  *See* 34-B M.R.S. § 3873-A (2018).  The court scheduled a hearing on the application and appointed a psychologist to examine Steven L.  The psychologist examined Steven L. by telephone on

---

[1] Steven L., who has a history of mental illness, previously appealed from similar orders admitting him to progressive treatment programs.  *See In re Steven L.*, 2017 ME 5, 153 A.3d 764 (*Steven L. II*); *In re Steven L.*, 2014 ME 1, 86 A.3d 5 (*Steven L. I*).

2

August 29, 2018, and filed his report with the court on August 31, 2018. The report was admitted without objection.

[¶3]    The District Court held a hearing on the application on August 31, 2018, during which it heard testimony from the psychologist; a psychiatric mental health nurse practitioner, who treated and provided care for Steven L.; and Steven L. himself. At the conclusion of the hearing, the court found, by clear and convincing evidence, that all of the elements required for an order of admission to the PTP were met. *See* 34-B M.R.S. § 3873-A(1). The court entered an order admitting Steven L. to the PTP and committing him to the care and supervision of Acadia for one year.

[¶4]    Steven L. timely appealed to the Superior Court pursuant to Rule 76D of the Maine Rules of Civil Procedure. He made no effort to expedite the appeal in the Superior Court. That court held a hearing on May 16, 2019, and entered an order affirming the District Court's order on May 20, 2019. Steven L. filed a timely notice of appeal on June 7, 2019. M.R. Civ. P. 2B(c)(1).

## II. DISCUSSION

[¶5]    Although neither party has raised the issue of mootness, we do so sua sponte. *See In re Steven L.*, 2017 ME 5, ¶ 7, 153 A.3d 764 (*Steven L. II*). In general, we will not "hear an appeal when the issues are moot, that is, when

they have lost their controversial vitality, and [a] decision would not provide an appellant any real or effective relief." *Id.* ¶ 8.

[¶6] More than one year has passed since the District Court entered its order on August 31, 2018. By statute, and by the terms of the court's order, Steven L.'s PTP could not exceed twelve months, and therefore the order has expired. *See id.* ¶ 7; 34-B M.R.S. § 3873-A(6). Unless an exception to the mootness doctrine applies, Steven L.'s appeal must be dismissed.

[¶7] There are three exceptions to the mootness doctrine: (1) the collateral consequences exception, which allows for review of a controversy where sufficient collateral consequences result from the appealed matter so as to justify relief; (2) the public interest exception, which permits questions of great public interest to be addressed to guide the bar and the public; and (3) an exception that allows the review of matters that are repeatedly presented to trial courts but that are of such short duration that they escape appellate review. *In re Steven L.*, 2014 ME 1, ¶ 5, 86 A.3d 5 (*Steven L. I*).

[¶8] The collateral consequences exception is inapplicable because the relevant statutes "do not authorize an increase in the term of any possible future involuntary commitment or admission to a [PTP]—or any other

4

collateral consequence—based on the existence of a prior order of involuntary admission to a [PTP]." *Id.* ¶ 6.

[¶9]  The public interest exception is inapplicable because "our consideration of the issues raised on appeal would not generate meaningful authority for future decision-making, and we cannot conclude that the narrow issues in this case are likely to repeat themselves in the future." *Id.* ¶ 8. Moreover, "the particular issues raised here relate more directly to the private interests of an individual in unique circumstances." *Id.*

[¶10]  We have previously observed that, in involuntary commitment cases, questions of statutory and constitutional interpretation may be "likely to be repeated such that an opinion would provide helpful guidance[.]" *Id.* ¶ 7. Although Steven L. raises a question of statutory interpretation on appeal, this issue was not raised in the District Court and is therefore deemed to have been waived. *See McMahon v. McMahon*, 2019 ME 11, ¶ 16, 200 A.3d 789. We decline to apply an exception to the mootness doctrine to reach the merits of an issue that is raised for the first time on appeal.

[¶11]  Finally, this is not a case where "the issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of

its fleeting or determinate nature." *Steven L. II*, 2017 ME 5, ¶ 8, 153 A.3d 764 (quotation marks omitted).

[¶12]   Here, as in *Steven L. II*, "the statutorily limited length" of the program weighs in favor of reaching the merits of this appeal.  2017 ME 5, ¶ 10, 153 A.3d 764.  However, unlike in *Steven L. II*, the specific issues raised here are not before us for a second time.  *See id.*  More importantly, although Steven L. requested expedited briefing and consideration on appeal to the Law Court, he did not move for expedited consideration of his appeal at any point during the eight months this case was pending on appeal in the Superior Court, despite our admonition that "in circumstances when there is a clearly looming issue of mootness, the best practice is to move for expeditious appellate review." *Id.* ¶ 9 (quotation marks omitted); *see also* M.R. App. P. 14(c).   Under these circumstances, "we will not overlook the mootness of the appeal to reach its merits." *Steven L. I*, 2014 ME 1, ¶ 9, 86 A.3d 5.

The entry is:

Appeal dismissed.

---

Joseph P. Belisle, Esq., Bangor, for appellant Steven L.

Arrian Stockdell, Esq., Brewer, for appellee Acadia Hospital Corporation

Penobscot County Superior Court docket number AP-2018-20
FOR CLERK REFERENCE ONLY