MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 39
Docket:       Kno-19-337
Argued:       March 5, 2020
Decided:      March 31, 2020

Panel:        SAUFLEY, C.J., and MEAD, GORMAN, HUMPHREY, HORTON, and CONNORS JJ.

## IN RE INVOLUNTARY TREATMENT OF K.

PER CURIAM

[¶1]  This is an appeal by K. from a judgment entered by the Superior Court (Knox County, *Billings, J.*), ordering the involuntary medical treatment of K. for a period of 120 days while he was in preconviction detention at the mental health unit of the Maine State Prison.  *See* 34-A M.R.S. § 3049 (2018). Because K. is no longer subject to the court's involuntary treatment order, we dismiss the appeal as moot.

## I.  BACKGROUND

[¶2]  On June 19, 2019, K. was arrested and charged by complaint with burglary (Class B), 17-A M.R.S. § 401(1)(B)(4) (2018), and theft by unauthorized taking (Class E), 17-A M.R.S. § 353(1)(A) (2018).  K. was initially held at the Penobscot County Jail and, following a mental health examination, was transferred to the mental health unit of the Maine State Prison on July 29, 2019.  *See* 34-A M.R.S. § 3069-A (2018) (permitting the transfer of inmates

from a jail to a correctional facility in order to provide intensive mental health care and treatment).

[¶3]   On August 1, 2019, the Department of Corrections filed an application pursuant to 34-A M.R.S. § 3049 seeking the involuntary medication of K.   The application was accompanied by an emergency application seeking an ex parte order authorizing the immediate treatment of K.   A psychiatrist at the prison signed the applications and recommended treating K. with certain antipsychotic medications.   As required by section 3049(1)(D), the original application was also supported by a second psychiatrist.[1]   The emergency application stated, in part, that K. had a mental illness, was "hostile, agitated, delusional, loud, and intrusive," and had "threaten[ed] people," including threatening to kill an officer at the prison.

[¶4]  On that same day, the court (*Mallonee, J.*) entered an ex parte order granting the emergency application and permitting the immediate medication of K.   The court also ordered a hearing be held on the original application within ten days and provided notice to K. of the scheduled hearing.  *See* 34-A M.R.S. § 3049(4).

---

[1]   Pursuant to 34-A M.R.S. § 3049(1)(D) (2018), the initial recommendation for involuntary medication must be supported by another professional "who is qualified to prescribe the medication and who does not provide direct care to the person."

[¶5]  On August 8, 2019, the court (*Billings, J.*) held a hearing on the Department's application.  During the Department's examination of the prison psychiatrist who signed the application, K.'s counsel objected to the psychiatrist testifying about the second psychiatrist's support for the application because the second psychiatrist was not in court.  The court sustained the objection.  The court then granted, over K.'s objection, the Department's request for a continuance of the hearing in order to have the supporting psychiatrist appear in court.  The court continued the hearing until August 12, 2019, and extended the original ex parte order to that same day.[2]

[¶6]  At the continued hearing, the court heard testimony from a third prison psychiatrist, who testified in support of the original application,[3] and from the corrections officer whom K. had threatened.  K. also testified and was cross-examined by the Department.  At the conclusion of the hearing, the court found, by clear and convincing evidence, that the Department demonstrated all of the statutory grounds required for the involuntary medication of K.  *See* 34-A M.R.S. § 3049(1)(A)-(H).  Based upon these

---

[2]  The court originally sought to continue the hearing to the following day, August 9, 2019, but K.'s counsel was not available to attend a hearing on that date.  Notice of the continued hearing was provided to K. on August 9, 2019.

[3]  K.'s counsel objected to the psychiatrist's testimony, arguing that the psychiatrist was not the same person who had signed in support of the original August 1, 2019, application.  The court overruled the objection.

4

findings, the court granted the Department's application and ordered the involuntary medication of K. for a period of 120 days. *See id.* § 3049(5).

[¶7] Four days later, K. timely appealed. *See* 34-A M.R.S. § 3049(2)(F); M.R. App. P. 2B(c).

## II.  DISCUSSION

[¶8]  K. contends that certain evidentiary and procedural errors occurred at the involuntary treatment hearing.  However, we will not address these contentions unless K.'s appeal is justiciable.  The Department argues that the appeal is moot because K. is no longer at the mental health unit of the Maine State Prison and the involuntary treatment order has now expired.

[¶9]  "When determining whether a case is moot, we examine whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources." *Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, 2011 ME 48, ¶ 5, 18 A.3d 824 (alterations omitted) (quotation marks omitted).  Generally, "we will not hear an appeal when the issues are moot, that is, when they have lost their controversial vitality, and [a] decision would not provide an appellant any real or effective relief." *In re Involuntary Treatment of S.*, 2019 ME 161, ¶ 5, 221 A.3d 135 (quotation marks omitted).

[¶10]  Here, without question, K.'s appeal is moot.  K. is not presently at the mental health unit of the Maine State Prison, is no longer subject to the court's August 12, 2019, involuntary treatment order, and has since been found not competent to stand trial on the underlying criminal charges.  As a result, the issues raised in K.'s appeal "have lost their controversial vitality, and [a] decision would not provide [the] appellant any real or effective relief." *Id.* (quotation marks omitted).  Unless an exception to the mootness doctrine applies, we must dismiss the appeal.

[¶11]  We recognize three exceptions to the mootness doctrine and may consider an appeal that is moot if

> (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and public[,] we may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature.

*A.I. v. State*, 2020 ME 6, ¶ 9, --- A.3d --- (quotation marks omitted).  Although K. contends that the "questions of great public concern" and "issues capable of repetition" exceptions apply to this appeal, we are not persuaded that either exception applies.

[¶12]  "When addressing the exception for questions of great public concern, we examine whether the question is public or private, how much

court officials need an authoritative determination for future rulings, and how likely the question is to recur." *A.I.*, 2020 ME 6, ¶ 11, --- A.3d --- (quotation marks omitted). In K.'s appeal, we agree that the involuntary medical treatment of inmates in the State's correctional facilities, generally, is a matter of "great public concern." However, our consideration of the issues raised by K. regarding evidentiary and procedural errors during the involuntary treatment proceeding are unlikely to provide "an authoritative determination for future rulings," *id.* (quotation marks omitted), as these issues "relate more directly to the private interests of an individual in unique circumstances," *In re Involuntary Treatment of S.*, 2019 ME 161, ¶ 9, 221 A.3d 135 (quotation marks omitted).

[¶13] Nor are the issues presented in this appeal ones that "may be repeatedly presented to the trial court, yet escape review at the appellate level because of [their] fleeting or determinate nature." *Id.* ¶ 11 (quotation marks omitted). In similar involuntary treatment proceedings, we have recognized that, "when there is a clearly looming issue of mootness, the best practice is to move for expeditious appellate review." *In re Steven L.*, 2017 ME 5, ¶ 9, 153 A.3d 764 (quotation marks omitted). Here, K. did not move for an expedited appellate review before the expiration of the court's August 12, 2019,

involuntary treatment order. Further, this is not a case where the issues raised by K. are before us for a second time. *See id.* ¶ 10 (applying the issues capable of repetition exception when the "specific issues" were presented to us on appeal for a second time).

[¶14] Therefore, we conclude that neither exception to the mootness doctrine applies and decline to reach the merits of the issues raised in K.'s appeal.

The entry is:

Appeal dismissed.

---

Jeremy Pratt, Esq. (orally), and Ellen Simmons, Esq., Camden, for appellant K.

Aaron M. Frey, Attorney General, and Kimberly L. Patwardhan, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Department of Corrections

Knox County Superior Court docket number MH-2019-8
FOR CLERK REFERENCE ONLY